**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4998**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LAMONT LUTHER JOHNSON,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Peter  J.  Messitte,  Senior  District
Judge.  (8:09-cr-00588-PJM-1)

———————————

Submitted:  November 10, 2011         Decided:  December 1, 2011

———————————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff
Attorney, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein
United  States  Attorney,  Michael  J.  Leotta,  Assistant  United
States Attorney, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Luther Johnson appeals his 183-month sentence imposed pursuant to a plea of guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g) (2006). The district court sentenced Johnson under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2006), based on its finding that Johnson had previously been convicted of at least three violent felonies that were committed on separate occasions.

On appeal, Johnson argues that the district court erred in relying on the statement of facts introduced during the state plea hearing on the prior convictions in question. He also argues that he did not affirmatively agree with the facts recited by the state prosecutor, and therefore his sentence is improper. "We review de novo whether a defendant's previous conviction was for a predicate offense under the ACCA." United States v. Harcum, 587 F.3d 219, 222 (4th Cir. 2009). We conclude that Johnson's assertion that the district court erred in considering the transcript of the plea hearing on the convictions in question is without merit. A sentencing court may consider, inter alia, a "transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant," in determining whether a prior conviction is an ACCA predicate. Johnson also argues that our

decision in <u>United States v. Alston</u>, 611 F.3d 219, 226 (4th Cir. 2010), precluded the district court from relying on the plea colloquy.  Johnson did not, however, enter an <u>Alford</u>[*] plea in the state proceedings.  We recently held that this distinction is dispositive.  We conclude Johnson's argument is without merit. <u>United States v. Taylor</u>, __ F.3d __, 2011 WL 5034576 (4th Cir. Oct. 24, 2011).  Accordingly, we affirm Johnson's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).